IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH DAFT,**

    **Petitioner,**

v.                      **CIVIL ACTION NO. 2:03CV102**

**THOMAS McBRIDE, Warden,**

    **Respondent.**

FILED APR 1 2005 U.S. DISTRICT COURT CLARKSBURG, WV 26301

## OPINION/REPORT AND RECOMMENDATION

On November 24, 2003, pro se petitioner, Kenneth Daft ["Daft"], filed a Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody. This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

### A. Conviction and Sentence in the Circuit Court of Preston County

On August 19, 1998, the petitioner was convicted by jury of three counts of sexual abuse and two counts of abuse by a caretaker. He was sentenced to 15-45 years imprisonment. The petitioner is currently incarcerated at the Mt. Olive Correctional Complex.

The petitioner filed a petition for appeal in which he raised claims regarding hearsay and that the rape shield law denied him the opportunity to confront the alleged victim.[1] His petition for appeal was denied. He then filed a petition for writ of certiorari with the United States Supreme Court which was denied on January 18, 2000. It appears the petitioner filed a state habeas petition which was also denied at some point.

---

[1] According to the website for the West Virginia Supreme Court of Appeals, the petitioner's petition for appeal was denied on April 21, 1999.

## B. Federal Habeas Corpus

### Petitioner's Contentions

(1) Hearsay evidence. Everything that was said came from a third party about the girl telling what happened.

(2) Rape shield law. I was shielded from the girl. ...[My trial counsel] told the judge that at the time of the trial that him and the prosecutor had it made up before trial to place him the lawyer between me and he girl.

(3) Denied to show proof of prior sexual abuse.

(4) About the other girl. I could not face her for she was never in the courtroom.

Attached to his petition, the petitioner included a letter from Karen S. Bowers in which she stated that the petitioner is needed at home to help care for his ageing parents, and that he has a place to live and transportation. He also attached a statement which he had written in which he indicates he was railroaded and that the "girls dropped the charges against [him] one week before trial."

## II. ANALYSIS

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). The petition must "set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. "[N]otice pleading is not sufficient [in federal habeas corpus], for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977). The petitioner must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F. 2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F. 3d 255 (4th Cir. 1999).

In Grounds One and Three, the petitioner makes allegations regarding the evidence that was

2

admitted and evidence that was excluded at his trial. Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," admissibility of evidence does not present a federal question. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). "The trial court's consideration of the probative value versus the prejudicial effect of particular pieces of evidence, absent extraordinary circumstances, will not be disturbed." Beasley v. Holland, 649 F.Supp. 561, 565 (S.D.W.Va.1986) (citing United States v. MacDonald, 688 F.2d 224 (4th Cir.1982). "[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must 'tread gingerly' and exercise 'considerable self-restraint.'" Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002)(quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir.1990)).

The petitioner has failed to argue how the denial of his evidence and the admission of the hearsay evidence violated his constitutional rights or impugned the fundamental fairness of the trial. Thus, the Grounds One and Three is without merit.

In Grounds Two and Four, it appears the petitioner may be attempting to raise a Confrontation Clause issue. However, the Court may not rewrite a petition to include claims that were never presented. See Barnett v. Hargett, 174 F.3d 1128,1133 (10th Cir. 1999). Nor can the Court construct the petitioner's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

In Ground Two, the petitioner merely states that his own lawyer stood before him and the victim. He does not elaborate on how his constitutional rights were violated by his attorney's actions, and the Court cannot guess how such violated his constitutional rights.

3

In Ground Four, the petitioner states "about the other girl I could not face her for she was never in the courtroom." The Court can not determine if such gives rise to a constitutional violation because the petitioner does not explain why she was not in the court room, he does not explain whether hearsay statements regarding "the other girl" was admitted and completely fails to provide the Court with enough information regarding this claim. Thus, this claim is insufficiently pled.

Accordingly, the undersigned finds that the petitioner has failed to demonstrate that his constitutional rights have been violated.

### III. RECOMMENDATION

It is recommended that the petition of Kenneth Daft filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[2]

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

Dated: March 31, 2005

JOHN S. KAULL
**UNITED STATES MAGISTRATE JUDGE**

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

4